**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONNA KLECKA,

        Plaintiff-Appellant,

v.

DANIEL COX,

        Defendant-Appellee.

No. 16-35261

D.C. No. 3:14-cv-00129-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted August 17, 2017[**]
Anchorage, Alaska

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Plaintiff Donna Klecka appeals the district court's grant of summary

judgment, based on qualified immunity, to Defendant Daniel Cox. Like the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court, we conclude that Defendant is entitled to qualified immunity, and therefore summary judgment was appropriate. Accordingly, we affirm.

Plaintiff did not satisfy her burden of proving that Defendant's conduct violated a clearly established constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). First, Plaintiff failed to prove that Defendant acted in an objectively unreasonable manner given the circumstances. *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1166 (9th Cir. 2014). Plaintiff was actively resisting arrest, at one point evading another officer's grip with a loose handcuff attached to her wrist. It was not unreasonable for Defendant to perceive this action as a potential threat and respond accordingly. Further, Defendant was not on notice that he was responding with an unreasonable amount of force. *Brooks v. Clark County*, 828 F.3d 910, 920 (9th Cir. 2016). Not only have we found similar uses of force to be appropriate in comparable situations, *see Tatum v. City of San Francisco*, 441 F.3d 1090, 1096 (9th Cir. 2006), but Plaintiff cites no case law to demonstrate that it was clearly established that such conduct violated her constitutional rights.

**AFFIRMED.**